In re the Petition for DISCIPLINARY ACTION AGAINST John D. QUINLI-VAN, an Attorney at Law of the State of Minnesota.

No. C7–90–1874.

Supreme Court of Minnesota.

Nov. 27, 1990.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent John D. Quinlivan has committed professional misconduct warranting public discipline. In the petition, the Director alleges two separate counts of misconduct, each of which describes one or more violations of the rules of professional conduct.

In count one, the Director alleges that a trucking service retained respondent to defend it in a civil action in which the amount of damages was in dispute on October 6, 1989; that respondent knew at the time the trucking service retained him that an answer in the civil action was due on October 17, 1989; that respondent failed to serve a timely answer on behalf of the trucking service; that even after respondent entered into an agreement with opposing counsel that opposing counsel would not take a default against the trucking service as long as respondent filed an answer by October 27, 1989, respondent failed to file an answer; that opposing counsel obtained a default judgment against the trucking service; that respondent failed to move to vacate the default judgment; and that respondent made false statements to the representatives of the trucking service regarding respondent's efforts in this matter, including that respondent had moved to vacate the default judgment.

In count two, the Director alleges that on July 26, 1989, respondent met with a man who previously had appeared *pro se* before the probate division of the Morrison County District Court, and against whom judgment was entered in the amount of $84,-135.22; that respondent agreed to seek relief from the order of the probate court on behalf of the man; that, at respondent's request, the man delivered a money order for $3,000 payable to respondent's law firm as a retainer; that, thereafter, respondent failed to open a file in the matter or to communicate with the man, except on the man's initiative; that respondent did not obtain the necessary information to evaluate whether relief from the probate court order was available; that respondent did not advise the man of the time limits for seeking relief from the order, nor did respondent advise the man that he would not seek relief from the order; and that respondent failed to communicate with the members of respondent's law firm and the Director's Office regarding this matter. The Director also states that respondent did not negotiate the man's money order but, in fact, returned the money order in May of 1990.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew the answer he previously filed with this court and admitted, with certain qualifications, the allegations of the petition. Specifically, with respect to count two, respondent

states that he did communicate with the man who had retained him, that he obtained some of the necessary information to evaluate the man's claim, that he gave an oral opinion that there would be no merit in an action for a new trial or appeal, and that he did not actively conceal the matter from the members of his firm and the Director's Office. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 14, Rules on Lawyers Professional Responsibility, is a public reprimand. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

In addition to the above, the stipulation cites several mitigating factors, including the following: (1) that respondent had no intention to harm the trucking service, his client in count one; (2) that respondent voluntarily made full and free disclosure to the Director's Office of the events recited in count one; (3) that respondent has a good reputation in the community as a lawyer and as an involved citizen; and (4) that respondent promptly responded to the investigation by the Director's Office of the events recited in count two. Apparently, respondent's law firm also has assured the Director that certain structures and procedures will be implemented to assist respondent in complying with his professional obligations in order to prevent further violations by respondent.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, John D. Quinlivan, hereby is publicly reprimanded pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the respondent shall initiate and maintain office procedures which will ensure that respondent promptly will respond to correspondence, telephone calls and other communications from clients, courts and other persons interested in matters that respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

SIMONETT, J., took no part.